UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

THOMAS BENJAMIN KUHL
AS NEXT FRIEND OF
SAMUEL ALEXANDER KUHL,

        Petitioner,

v.

BOB MENDHAM,

        Respondent.
_____/

Case No. 1:24-cv-428

Honorable Jane M. Beckering

## OPINION

Petitioner Thomas Benjamin Kuhl has filed this habeas corpus action under 28 U.S.C. § 2241 on behalf of his nephew, Samuel Alexander Kuhl. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed without prejudice because Petitioner has not exhausted other available remedies.

## Discussion

Samuel Alexander Kuhl is a pretrial detainee confined to the Newaygo County Jail. (ECF No. 1-1, PageID.7.) Petitioner alleges that Samuel Alexander Kuhl has been determined incompetent to stand trial but has yet to be transported to a facility intended to attempt to restore Samuel Alexander Kuhl to competency. (*Id.*, PageID.8.) Petitioner "does not seek dismissal [of the charges against Samuel Alexander Kuhl], but instead asks that civil commitment proceedings

commence or Kuhl be released." (*Id.*, PageID.3.) Petitioner also expresses his dissatisfaction with court-appointed criminal defense counsel. (*Id.*)

As a preliminary matter, the Court must determine whether Thomas Benjamin Kuhl may proceed as "next friend" of his nephew Samuel Alexander Kuhl. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to

proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition adequately demonstrates that Samuel Alexander Kuhl is incompetent. Moreover, federal courts have concluded "that 'some significant relationship exists' and the second *Whitmore* prong is satisfied where a close relative acts as next friend." *Sanchez-Velasco v. Secretary of Dept. of Corr.*, 287 F.3d 1015, 1026–27 (11th Cir. 2002) (citing *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992)). Therefore, the Court concludes further that Thomas Benjamin Kuhl, by virtue of his close family relationship with Samuel Alexander Kuhl, has adequately demonstrated that he is dedicated to the detainee's best interests. Accordingly, the Court will permit Thomas Benjamin Kuhl to proceed as next friend to Samuel Alexander Kuhl.

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner

be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Nonetheless, regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve the sort of challenges that Petitioner raises in his petition. In *Johnson v. Hoy*, 227 U.S. 245 (1913), the Supreme Court rejected a habeas petition by a pretrial detainee objecting to excessive bail and claiming that the statute under which he had been indicted was unconstitutional, stating:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [The petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U.S. 420 (1912). That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins v. United States*, 199 U. S. 547 (1905).

*Johnson*, 227 U.S. at 247; *see also Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) (stating "[w]hile habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution . . ., the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.").

In *Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017), the Tenth Circuit Court of Appeals collected the "remarkably few" published appellate opinions on the matter in the past century:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge

4

pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017–18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:

> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."

*Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) (citations omitted*); accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

*Medina*, 875 F.2d at 1028–29.

The *Medina* court did not end its analysis with the declaration that exhaustion is required.

The court continued:

> But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted. If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

*Id.* at 1029. Although such circumstances might exist for state detainees, *see, e.g.*, *Ex parte Royall*,

117 U.S. 241 (1886); *Thomas v. Loney*, 134 U.S. 372 (1890); *Justices of Boston Mun. Ct. v. Lydon*,

466 U.S. 294 (1984), there do not appear to be any cases identifying the presence of such circumstances for federal pretrial detainees.

After *Medina*, the Third Circuit Court of Appeals addressed the claim of a pretrial detainee challenging his continued detention. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018). The Third Circuit also concluded that "Section 2241 is . . . not the proper vehicle for [petitioner] to challenge his detention pending trial. The Bail Reform Act of 1984 . . . provides a comprehensive scheme governing pretrial-release decisions. . . . [F]ederal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action." *Id.* at 247. Additional circuit courts of appeals have since echoed that conclusion. *See Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1–2 (11th Cir. Nov. 17, 2021).

The authorities cited in *Medina* and the additional circuit authority issued after *Medina* indicate, at a minimum, that Petitioner must exhaust his challenges in his criminal proceedings. Petitioner has not so exhausted his claim. Petitioner's failure to exhaust warrants dismissal of his petition without prejudice.

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated:    May 29, 2024                      /s/ Jane M. Beckering
                                                                          Jane M. Beckering
                                                                          United States District Judge